## OLVERA v STATE OF FLORIDA
### Case No. 87-006 AC (County Court Case No. 53949,50MS)
Eleventh Judicial Circuit, Appellate Division, Dade County

April 5, 1988

### APPEARANCES OF COUNSEL

**Bennett H. Brummer,** Public Defender and **Bruce A. Rosenthal,** Assistant Public Defender, for appellant.

**Robert A. Butterworth,** Attorney General and **Joni B. Braunstein,** Assistant Attorney General, for appellee.

Before FULLER, TENDRICH, SALMON, JJ.

### OPINION OF THE COURT

SALMON, J.

Appellant was charged with driving while under the influence of

alcoholic beverages. A joint hearing and nonjury trial was held, the hearing to determine whether a motion to suppress the results of a breath test should be granted. The basis of the motion to suppress was failure to conduct the test—actually, failure to use the Indian Field Sampling Device ("Crimper Box") substantially in accordance with HRS—approved methods requires by statute.

A review of the record demonstrates that the regulations requiring heating of the crimper and template were not done for the required period. Notwithstanding that the State contends that some margin of error should be factored into the result, we have concluded that it error to admit the test into evidence.

The remaining question is whether admission of the test was harmless error. The test, as recently announced in *State v. Di Guilio,* 491 So.2d 1129 (Fla. 1986) places upon the State the very high burden of establishing, beyond a reasonable doubt, that considering the result of the breath test as substantive evidence could not have affected the trial court's verdict. Or, as contended by the State, the evidence other than the results of the breath test was so overwhelming that the trial could have found the Appellant guilty, beyond a reasonable doubt, based upon that other evidence. Our review of the record does not show that the State met that burden.

Reversed and remanded with directions to discharge the Appellant.

FULLER, J., concurs.

TENDRICH, J., dissents without opinion.